UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACLYN COBB | |
| Plaintiff, | 3:11-cv-0840-LRH-WGC |
| v. | |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, | AMENDED ORDER |
| Defendant. | |

Before the court is defendant Aramark Sports and Entertainment Services, LLC's ("Aramark") motion for summary judgment. Doc. #28.[1] Plaintiff Jaclyn Cobb ("Cobb") filed an opposition (Doc. #33) to which Aramark replied (Doc. #38). This Order amends Order #39.[2]

## I. Facts and Procedural History

Plaintiff Cobb is seeking recovery for a knee injury allegedly sustained while parasailing with an affiliate of defendant Aramark.

On June 15, 2010, Cobb paid to go parasailing on Lake Tahoe through an operation ran by Zephyr Cove Resort ("Zephyr"). Before going on the boat for parasailing, Cobb signed a waiver of liability entitled Acknowledgment and Assumption of Risk and Waiver of Liability ("Waiver"). The waiver stated in relevant part:

---

[1] Refers to the court's docket number.

[2] This Order is identical to Order #39, but with needed edits for punctuation and citation accuracy.

> In consideration of my being allowed to participate in the parasailing activities operated and conducted by [Zephyr], I hereby RELEASE and WAIVE . . . any and all claims that I may have . . . against [Zephyr], and any of [its] affiliates . . . I specifically RELEASE [Zephyr], and any of [its] affiliates . . . from . . . all claims for . . . injury or death to persons caused by negligence of any one of them arising out of my participation in the parasailing activities. I AGREE NOT TO SUE . . . the aforementioned parties for any injuries or damages that I might hereby receive from my participation in the parasailing activities, whether or not such injury, loss or damage results from the aforementioned parties' negligence or from any other cause.

Doc. #28, Exhibit A.

After signing the waiver, Cobb boarded the parasailing vessel and, along with another family member, went parasailing in a tandem harness. At some point during the trip, adverse weather conditions, including high winds, caused the parasailing trip to be called short. As she was being reeled back into the boat Cobb struck her knee on the boat causing significant injury.

Subsequently, Cobb filed a complaint for negligence against Aramark. Doc. #1, Exhibit A. Thereafter, Aramark filed the present motion for summary judgment contending that Cobb expressly waived her right to sue. Doc. #28.

**II.   Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III. Discussion**

**A. Applicable Law**

In its motion, Aramark argues that this action, and thereby the express waiver, is governed by federal admiralty law. *See* Doc. #28. An action falls within the admiralty jurisdiction of the federal courts under 28 U.S.C. § 1333(1) when: (1) the underlying tort occurred on navigable waters; and (2) the actions giving rise to the tort claim bear a significant relationship to traditional maritime activity. *Charnis v. Watersport Pro, LLC*, 2009 U.S. Dist. LEXIS 76022, *5-6 (D. Nev. 2009) (citing *Sisson v. Ruby*, 497 U.S. 358, 365-66 (1990)).

The court has reviewed the documents and pleadings on file in this matter and finds that this action falls within the court's exercise of admiralty jurisdiction. First, the alleged injury occurred on Lake Tahoe, a navigable waterway that lies within the borders of Nevada and California. Where, as here, a body of water forms a border between two states and is capable of supporting maritime commerce, it is considered navigable for the purpose of establishing admiralty jurisdiction. *Charnis,* 2009 U.S. Dist. LEXIS 76022, *6. Second, parasailing bears a significant relationship to traditional maritime activities sufficient to establish admiralty jurisdiction. *See e.g., In the Matter of*

3

*Skyrider*, 1990 U.S. Dist. LEXIS 16510, \*10 (D. Haw. 1990) ("Careful and safe navigation of vessels in navigable waters have always been a fundamental admiralty concern. Navigation is an essential component in the parasailing activity."); *UFO Chutin of Hawaii, Inc. v. Smith*, 508 F.3d 1189, 1193 (9th Cir. 2007) (holding that parasailing is an activity bearing a significant relationship to traditional maritime activities); *Charnis*, 2009 U.S. Dist. LEXIS 76022, \*6 ("The operation of recreational boats, including pulling skiers or wakeboarders, bears a significant relationship to traditional maritime activity."). Therefore, this action arises under the court's admiralty jurisdiction and, as such, the court must apply substantive federal admiralty law to this action. *Charnis*, 2009 U.S. Dist. LEXIS 76022, \*6 ("With admiralty jurisdiction comes the application of substantive admiralty law.") (citing *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S 858, 864 (1986)).

**B.  Assumption of the Risk**

In her opposition, Cobb argues that the liability waiver is unenforceable because under federal maritime law assumption of the risk is not a valid defense. Cobb is correct that assumption of the risk is not an available defense in maritime cases involving personal injury. *See e.g., De Sole v. United States*, 47 F.2d 1169 (4th Cir. 1991); *Skidmore v. Grueninger*, 506 F.2d 716 (5th Cir. 1975). However, this does not preclude Aramark from raising the defense of express waiver in this case. Waiver and assumption of the risk are two distinct affirmative defenses and are addressed separately under federal admiralty law. *See Charnis*, 2009 U.S. Dist. LEXIS 76022, \*10-11. Therefore, Aramark may raise the affirmative defense of express waiver in this action.

**C. Express Waiver**

In its motion, Aramark argues that the signed express waiver precludes the present action. *See* Doc. #28. Specifically, Aramark argues that under federal maritime law, pre-accident liability waivers are enforceable and may properly dispose of this action on summary judgment.

Under federal admiralty law, owners of recreational vessels may, through written waivers, disclaim liability for their own negligence. *Charnis*, 2009 U.S. Dist. LEXIS 76022, \*11. A pre-

accident waiver absolves a defendant of liability for recreational activities on navigable waters if the exculpatory clause is (1) clear and unambiguous; (2) is not inconsistent with public policy; and (3) is not an adhesion contract. *Id*. at 13.

The court has reviewed the documents and pleadings on file in this matter and finds that the signed waiver of liability is enforceable. First, Cobb concedes that she knowingly and voluntarily signed the liability waiver. *See* Doc. #33. Second, the court finds that the express waiver in this action is clear and unambiguous as it contains specific language releasing Zephyr and its affiliates, including defendant Aramark, for injuries sustained in carrying out the parasailing activities as a result of Zephyr's negligence.

A waiver is clear and unambiguous if it specifically bars the plaintiff's negligence claim and explicitly exonerates all defendants in the lawsuit. *See Charnis*, 2009 U.S. Dist. LEXIS 76022. Here, the waiver specifically bars plaintiff from suing for her injuries. Doc. #28, Exhibit A ("I AGREE NOT TO SUE . . . the aforementioned parties for any injuries or damages that I might hereby receive from my participation in the parasailing activities, whether or not such injury, loss or damage results from the aforementioned parties' negligence or from any other cause."). Further, the very injuries Cobb is suing for are specifically precluded by the waiver including "drowning, sprained or broken bones." Doc. #28, Exhibit A. Therefore, the court finds that the express waiver is sufficiently clear and unambiguous to cover Cobb's injuries sustained while parasailing.

Third, the underlying express waiver is not inconsistent with public policy because waivers of liability on navigable waters do not contravene federal public policy. *Charnis*, 2009 U.S. Dist. LEXIS 76022, *13-14; *In re Aramark Sports and Entertainment Services, LLC*, 2012 U.S. Dist. LEXIS 123789, *21 (C.D. Utah 2012) (holding that maritime exculpatory clauses are enforceable when a party clearly absolves itself from liability for its own negligence).

Finally, the court finds that the express waiver signed by Cobb is not an adhesion contract because it concerns a voluntary recreational activity. Under federal admiralty law, liability waivers for recreational sporting activities like parasailing are not contracts of adhesion because they are

1  not essential services. *See e.g., Charnis*, 2009 U.S. Dist. LEXIS 76022, *14-15; *In re Aramark,*
2  2012 U.S. Dist. LEXIS 123789, *15. Therefore, the court finds that the underlying pre-accident
3  waiver is valid and enforceable and absolves defendant Aramark of any liability arising from the
4  recreational parasailing activity. Accordingly, the court shall grant Aramark's motion for summary
5  judgment.

7      IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #28)
8  is GRANTED. The clerk of court shall enter judgment in favor of defendant Aramark Sports and
9  Entertainment Services, LLC and against plaintiff Jaclyn Cobb.
10     IT IS SO ORDERED.
11     DATED this 18th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE